UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00257-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| Dr. Naughton, *et al.*, | |
| Defendants. | |

I.      SUMMARY

Pro se Plaintiff James Edward Scott, III ("Scott"), brings this civil rights action against Defendants Dr. Martin Naughton, Dr. Carol Alley, Gaylene Fukagawa, Vanessa Timbreza, Melissa Mitchell, and Lashae Garcia (collectively, "Defendants"). Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 43 ("R&R")), recommending that the Court (1) dismiss as moot Scott's Americans with Disabilities (ADA) and Rehabilitation Act (RA) claim; (2) grant Defendants' motion for summary judgment (ECF No. 27 ("Motion")) as to Scott's Eighth Amendment claim; and (3) grant Scott's motion for leave to file a sur-reply (ECF No. 40). Scott timely filed an objection (ECF No. 44 ("Objection")) to the R&R and Defendants responded (ECF No. 45 ("Response")). As further explained below, the Court overrules Scott's Objection and adopts the R&R in full.

II.     DISCUSSION[1]

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

---

[1]The Court incorporates by reference Judge Baldwin's recitation of the procedural history and factual background of this case. (ECF No. 43 at 1-3.)

timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Scott filed his Objection.[2]

### A.    ADA and RA Claim

In the R&R, Judge Baldwin recommends dismissing Scott's ADA and RA claim because his release from custody at Northern Nevada Correctional Center rendered these claims moot. As Judge Baldwin explains in her R&R, under Ninth Circuit precedent, an inmate may only sue prison officials for alleged violations of the ADA or RA in their official capacity and redress is injunctive relief to an ongoing violation of federal law. Since Scott was released from custody, he can no longer receive injunctive relief and his claim is thus moot. (ECF No. 43 at 6-7.) Scott argues that Judge Baldwin erred in concluding that these claims were moot because the Nevada Parole Board has classified him as having a high risk of recidivism, therefore his claims fall under the "capable of repetition yet evading review" mootness exception. (ECF No. 44 at 5.) Defendants argue in their Response that the Ninth Circuit has addressed this argument before in *Alvarez v. Hill*, 667 F.3d 1061 (9th Cir. 2012) and rejected it. (ECF No. 45 at 2-3.)

The Court agrees with Judge Baldwin that Scott's ADA and RA claim should be dismissed as moot because the Court cannot grant any effective relief for it. Scott argues in his Objection that his high risk of recidivism establishes a "realistic likelihood of future exposure to the same unconstitutional conditions." (ECF No. 43 at 2.) However, as Defendants correctly argue in their Response, the Ninth Circuit has held that the mootness exception for claims that are capable of repetition yet evade review does not apply here. (ECF No. 44 at 2-3); *see Alvarez*, 667 F.3d at 1064-65 (holding that because the plaintiff had completed his sentence, the only way he would be returned to custody is

---

[2]Scott did not object to Judge Baldwin's recommendation that the Court grant his motion for leave to file a sur-reply (ECF No. 40). Accordingly, the Court adopts this recommendation because the Court finds Judge Baldwin did not clearly err.

if he committed another crime, and that possibility is "too speculative a basis on which to conclude [plaintiff]'s claims are capable of repetition.")

Accordingly, the Court adopts Judge Baldwin's recommendation that Scott's ADA and RA claim be dismissed as moot.

### B.      Eighth Amendment Claim

Judge Baldwin additionally recommends granting summary judgment on Scott's Eighth Amendment claim, finding Defendants are entitled to qualified immunity. (ECF No. 43 at 7-11.) Judge Baldwin reasoned that an inmate receiving dialysis treatment via a perma-catheter has no clearly established right to use an accessible shower with a handheld sprayer after prison medical officials determine that the inmate does not qualify for such an accommodation. (*Id.* at 10-11.)

Scott objects that the R&R defines the right in question "too narrowly" and asserts that the correct formulation of the right is that "[a]n inmate has a clearly established right to reasonable medical accommodation and protection from substantial health risks." (ECF No. 44 at 7.) Scott's attempt to formulate the right is overbroad. As Judge Baldwin clearly explained in the R&R, "[t]he Supreme Court has 'repeatedly told courts — and the Ninth Circuit in particular — not to define clearly established law at a high level of generality.' Kisela, 584 U.S. at 104 (quoting City and County of San Francisco v. Sheehan, 575 U.S. 600, 613 (2015))." The Court agrees with Judge Baldwin as to the right at issue and finds that it was not clearly established.

Accordingly, the Court agrees with Judge Baldwin that Defendants are entitled to qualified immunity and the Court will therefore grant their Motion.

### III.      CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the Report and Recommendation of Judge Baldwin (ECF No. 43) is accepted and adopted in full.

It is further ordered that Scott's ADA and RA claim is dismissed as moot.

It is further ordered that Defendants' motion for summary judgment as to Scott's Eighth Amendment claim (ECF No. 27) is granted.

It is further ordered that Scott's motion for leave to file a sur-reply (ECF No. 40) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 23rd Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE